UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DALE JUDD,

        *Plaintiff*,

    v.

SERVICE EMPLOYEES
INTERNATIONAL UNION, Local 32BJ
*et al.*,

        *Defendants*.

Civil Action No. 19-2925 (RDM)

## MEMORANDUM OPINION

Plaintiff Dale Judd, proceeding pro se, brought this lawsuit against his former employer, Melwood Horticultural Training Center, Inc. ("Melwood"), and his union, Service Employees International Union, Local 32BJ ("the Union"), to challenge the loss of his job as a general house cleaner at the headquarters of the Department of Justice. Dkt. 1. In an earlier opinion, the Court granted Defendants' motions to dismiss, Dkt. 8; Dkt. 11, and accordingly dismissed Plaintiff's complaint. *Judd v. Serv. Emps. Int'l Union, Loc. 32BJ*, No. 19-cv-2925, 2020 WL 5702088, at *8 (D.D.C. Sept. 23, 2020). Specifically, the Court held that Plaintiff's "hybrid § 301/fair representation" claim was barred by the six-month limitations period in § 10(b) of the National Labor Relations Act ("NLRA"), *id.* at *3–6, and that Plaintiff's Title VII claims were time-barred as well, *id.* at *6. The Court also held that the decision by the General Counsel of the National Labor Relations Board ("NLRB") not to issue an administrative complaint based on Plaintiff's charges against Defendants was not subject to judicial review. *Id.* Finally, the Court

held that Plaintiff had failed to state a claim for defamation or intentional infliction of emotional distress. *Id.* at *7.

In opposing the motions to dismiss, Plaintiff had mentioned the possibility of amending his complaint. Dkt. 15 at 13; Dkt. 18 at 3. Based on the wording of his briefs, however, "it [was] unclear whether [Plaintiff] was seeking leave to amend his complaint or just indicating that he might seek leave at some time in the future." *Judd*, 2020 WL 5702088, at *7. As the Court explained, under Rule 15(a), Plaintiff could have amended his complaint once as a matter of course within 21 days of service of the motions to dismiss. *Id.* (citing Fed. R. Civ. P. 15(a)(1)(b)). After that 21-day deadline had passed, Plaintiff could have amended "only with the opposing party's written consent or the court's leave." *Id.* (citing Fed. R. Civ. P. 15(a)(2)). But "because Plaintiff is proceeding pro se and given his apparent confusion about his right to amend the complaint within 21 days of Defendants' motions to dismiss," the Court permitted "Plaintiff to file a motion seeking leave to file an amended complaint within 30 days" of the Court's opinion. *Id.* at *8. The Court cautioned, however, that "amendment to Plaintiff's complaint would likely be futile," given that "no more nuanced or better crafted pleading will change the fact that Plaintiff did not file his suit within the limitations period" for his "hybrid § 301/fair representation claim." *Id.* The Court also instructed Plaintiff that his motion to amend must be accompanied by "a redlined version of the proposed, amended complaint showing where he has made changes from his original complaint." *Id.*

On October 22, 2020, Plaintiff filed a motion to amend his complaint. Dkt. 20. Instead of attempting to rectify the specific flaws identified in the Court's prior opinion, however, Plaintiff added unresponsive detail regarding his claims against the existing Defendants and, most significantly, sought to add the NLRB as a defendant "concerning their deceitfulness not to

uphold the rules of labor laws, unlawful actions, failures to cure the disputes between the parties, errors and deficiencies brought to their attention during the administrative processing of his complaint that were never resolved." *Id.* at 1.  The Union and Melwood each oppose Plaintiff's motion to amend with respect to his claims against them, but they take no position on his request to add the NLRB as a defendant.  Dkt. 21; Dkt. 22.

Under Rule 15, the Court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  But "leave to amend should be denied when amendment would be futile," *Sai v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99, 126 (D.D.C. 2015), including when "the proposed claim would not survive a motion to dismiss," *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  Under Rule 21, the Court "may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  The standard for adding or dropping a party is "permissive" but committed to the Court's "discretion."  *Democratic Party of Wis. v. Vos*, 966 F.3d 581, 587 (7th Cir. 2020); *Cabrera v. Mun. of Bayamon*, 622 F.2d 4, 6 (1st Cir. 1980).

The Court begins with the claims against the existing Defendants.  The Union argues that the motion to amend should be denied because Plaintiff failed to attach a proper redline of the proposed complaint and because his proposed amendments fail "to add anything new" to his claims against the Union.  Dkt. 21 at 2.  Melwood opposes the motion on substantially the same grounds.  Dkt. 22 at 2–3.  With respect to the redline, Plaintiff did attach to his motion a version of his proposed amended complaint that appears to show the new text in red.  Dkt. 20-3.  The formatting of his document may not be perfect, but in light of his pro se status, the Court will excuse any technical deficiencies in his filing.  The Court agrees with Defendants, however, that Plaintiff's proposed amendments neither cure the deficiencies that the Court previously identified, nor do they add any new claims against Melwood or the Union.  Indeed, upon

reviewing Plaintiff's lengthy proposed amended complaint, the Court cannot discern any material change to Plaintiff's claims against Melwood and the Union. Plaintiff's motion to amend will therefore be denied with respect to any claims against the existing Defendants.

Plaintiff's motion primarily seeks to add claims against the NLRB. Defendants take no position on this request. Plaintiff's proposed amended complaint contains several additional pages of grievances against the NLRB, but the nature of his new legal claims, if any, is not clear. It appears that Plaintiff, at least in part, seeks to challenge the General Counsel's decision not to issue an administrative complaint against Defendants. *See, e.g.*, Dkt. 20-3 at 12 (Am. Compl. ¶ 35). That effort fails as a matter of law. As the Court explained in its prior opinion, "the General Counsel's decision not to file a complaint in a given case is an unreviewable 'prosecutorial determination.'" *Judd*, 2020 WL 5702088, at *6 (alteration and additional internal quotation marks omitted) (quoting *N.L.R.B. v. United Food & Com. Workers Union, Local 23*, 484 U.S. 112, 130 (1987)); *see also Beverly Health & Rehab. Servs., Inc. v. Feinstein*, 103 F.3d 151, 156 (D.C. Cir. 1996) (holding that the NLRA "does not permit the district court to exercise jurisdiction over the decision of the General Counsel of the NLRB to issue an unfair labor practice complaint"). Plaintiff's effort to challenge the General Counsel's failure to act is therefore futile.

Because the General Counsel did not file an administrative complaint, the NLRB did not issue a decision in Plaintiff's case. But even if Plaintiff's amended complaint could be construed as challenging some final action of the NLRB, judicial review of the NLRB's orders is vested exclusively in the courts of appeals. *See* 29 U.S.C. § 160(f) ("Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice

in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia."). Insofar as Plaintiff's proposed amended complaint could be read as challenging some action of the NLRB, therefore, this Court would lack jurisdiction over that claim. Because any claims that Plaintiff might assert against the NLRB or its General Counsel would be futile, Plaintiff's motion to add the NLRB as a defendant will be denied.

## CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiff's motion to amend his complaint and to add the NLRB as a defendant, Dkt. 20, and will now enter final judgment dismissing the case.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: April 14, 2021